UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Lula Fitzgerald

    v.                                                Civil No. 11-cv-339-SM

Red Roof Inn, Inc., and
Westmont Hospitality Group, Inc.


**O R D E R**

Lula Fitzgerald has filed a complaint (doc. no. 1) against defendants Red Roof Inn, Inc., and Westmont Hospitality Group, Inc., seeking damages for injuries arising out of a slip and fall accident that occurred at the Red Roof Inn in Salem, New Hampshire, on July 12, 2008. Because Fitzgerald is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review, to determine whether the complaint states a claim upon which relief might be granted. See 28 U.S.C. § 1915(e); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Standard of Review**

Under LR 4.3(d)(1)(B), when a plaintiff commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the

initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for

statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___,

129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

**Background**

On July 12, 2008, at 10:30 a.m., while she was a guest at the Red Roof Inn in Salem, New Hampshire,[1] Lula Fitzgerald was walking from the hotel to a car in the guest parking lot and tripped over a concrete parking barrier in the parking lot. Fitzgerald sustained significant injuries. Fitzgerald states that the concrete parking barrier was only a few inches high, and was colored very similarly to the color of the parking lot itself, and thus was inconspicuous and easy to trip over.

---

[1] Fitzgerald alleges that both Red Roof Inn, Inc. and Westmont Hospitality Group, Inc. owned, operated, managed and/or maintained the Red Roof Inn located in Salem, New Hampshire where she alleges she was injured.

4

**The Claim**[2]

Fitzgerald alleges that defendants, owners of the property where she was injured, are both liable to her in this negligence action for failing to properly operate, manage, and/or maintain the premises of the Red Roof Inn, which resulted in Fitzgerald falling on the premises and sustaining severe and permanent injuries.

**Discussion**

I. Jurisdiction

This matter arises under this court's diversity jurisdiction, which grants federal district courts original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and where the action is between parties who are citizens of different states, or between parties who are citizens of a state and citizens of a foreign state. See 28 U.S.C. § 1332(a)(1) and (2). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where

---

[2]The claim as identified herein will be considered to be the claim raised in the complaint for all purposes. If Fitzgerald objects to this identification of the claim, she must do so by filing an objection to this report and recommendation, or by filing a motion to amend the complaint.

it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

Fitzgerald is a citizen of Vermont who claims an amount in controversy in excess of $75,000.00. Fitzgerald asserts that defendant Red Roof Inn, Inc., is incorporated in Delaware and has its principal place of business in Ohio, and that defendant Westmont Hospitality Group, Inc., is incorporated in Canada and has its principal place of United States business in Texas. Fitzgerald has thus invoked the diversity jurisdiction of this court.

II. Negligence

The elements of a negligence claim under New Hampshire law are that: (1) the defendant breached a duty of care; (2) which proximately caused an injury to the plaintiff. See Werst v. Wal-Mart Stores, Inc., No. 09-cv-392-SM, 2011 DNH 162, 2011 WL 4711900, *2 (D.N.H. Oct. 4, 2011).

> Under New Hampshire law, premises owners are governed by the test of reasonable care under all the circumstances in the maintenance and operation of their premises. A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions and to take reasonable precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises. Accordingly, under New Hampshire law, a premises owner is subject to liability for harm caused to entrants on the premises if the harm results either

6

>from: (1) the owner's failure to carry out his activities with reasonable care; or (2) the owner's failure to remedy or give warning of a dangerous condition of which he knows or in the exercise of reasonable care should know.

Rallis v. Demoulas Super Mkts., Inc., 159 N.H. 95, 99, 977 A.2d 527, 531 (2009) (citations omitted).

Here, Fitzgerald alleges that the defendants failed in their duty to her, as an entrant on the premises, to exercise reasonable care in the operation and maintenance of the parking lot at the Red Roof Inn. Fitzgerald alleges that the concrete barriers posed a foreseeable hazard because they were inconspicuous and easy to trip over.

Fitzgerald has stated sufficient facts to state a claim that the defendants failed to exercise reasonable care in the operation and maintenance of the property, and that defendants failed to adequately warn of a hazardous condition on the property. Fitzgerald has also alleged that those failures proximately caused her to trip and fall on defendants' premises, causing her harm. Accordingly, Fitzgerald has sufficiently asserted a negligence claim under New Hampshire law to allow this action to proceed. The court therefore directs that the complaint be served on defendants.

The case file does not include summons forms for defendants.[3]  Accordingly, the Clerk's office shall forward two blank summons forms to plaintiff for her to complete.  Plaintiff must return the completed summons forms to the Clerk's office within fourteen days of the date of this order.  Once the Clerk's office receives the completed summons forms, the Clerk's office shall issue the summonses and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses, a copy of the complaint (doc. no. 1), and this Order.

Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(3); LR 4.3(d)(1)(B)(iii).  Service shall be made in accordance with Fed. R. Civ. P. 4(h).

Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Fitzgerald is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

---

[3] Fitzgerald has completed notice of lawsuit forms and requests for waiver of the service of summons forms.  Because the court is directing formal service of the complaint by the U.S. Marshal's Office, however, Fitzgerald must complete a summons form for each defendant named in this action.  See Fed. R. Civ. P. 4(c)(1).

each defendant by delivering or mailing the materials to it or its attorney(s), pursuant to Fed. R. Civ. P. 5(b).

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 19, 2012

cc: Lula Fitzgerald, pro se

LBM:jba